**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| CALVIN C. LOGAN, DAVID JOHNSON, ANDRE MARTIN, and others similarly situated, | : : : : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 06-4450 |
| F. EMMET FITZPATRICK, LYNN ABRAHAM, PHILADELPHIA DISTRICT ATTORNEY'S OFFICE, ROBERT P. KANE, THOMAS W. CORBETT JR, and PENNSYLVANIA ATTORNEY GENERAL'S OFFICE | : : : : : : : | |
| | : | |
| Defendants. | : : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                        **MAY 3, 2007**

Presently before this Court are the Motion to Dismiss filed by Defendants F. Emmet Fitzpatrick, Lynn Abraham, and the Philadelphia District Attorney's Office and the Motion to Dismiss filed by Defendants Robert P. Kane, Thomas W. Corbett, Jr., and the Pennsylvania Office of the Attorney General. For the following reasons, these Motions to Dismiss are granted pursuant to Fed. R. Civ. P. 12(b)(6).

**I.       BACKGROUND**

Plaintiffs are inmates at State Correctional Institution— Graterford serving life sentences for first degree murder convictions. They believe that their constitutional rights have been and continue to be violated by the actions of the Defendants. Plaintiffs, proceeding pro se, have filed this action seeking declaratory and injunctive relief under 42 U.S.C. § 1983. They request that

this Court declare that their convictions were obtained and their sentences were imposed in violation of the Sixth Amendment and Article I, Section 9 of the United States Constitution (the Ex Post Facto clause).  Plaintiffs have also moved for class certification in the Complaint.

Plaintiff Calvin Logan was convicted of first degree murder on October 1, 1975.  After returning the guilty verdict, the jury resumed deliberations, in accord with Pennsylvania's death penalty statute, to decide if imposition of the death penalty was warranted.  The jurors weighed the evidence of aggravating and mitigating circumstances, but could not come to any agreement about whether or not the death penalty should be applied.  Therefore, the court set the penalty at life imprisonment.  Formal imposition of the sentence was deferred by order on October 2, 1975 pending disposition of Plaintiff's post trial motions.  Plaintiff was formally sentenced on September 28, 1978 after his post trial motions were denied.

Plaintiff Andre Martin was convicted of first degree murder on September 20, 1976.  The jury continued deliberations on whether to impose the death penalty until September 22, 1976.  They could not agree on whether the death penalty was warranted, therefore, the court fixed the sentence at life imprisonment.  Plaintiff's sentence was deferred pending disposition of his post trial motions.  He was formally sentenced on January 16, 1979 after his post trial motions were denied.

Plaintiff David Johnson was convicted of first degree murder on November 1, 1977.  The jury unanimously agreed that aggravating circumstances justified imposing a death sentence, but they were deadlocked as to the existence of mitigating circumstances.  In accord with the first degree murder sentencing rules in Pennsylvania, the court imposed a life sentence since the jury was unable to agree on whether the death sentence was warranted.  Sentencing was deferred until

February 7, 1979, at which time Plaintiff was formally sentenced to life imprisonment.

Plaintiffs' first claim is that they were deprived of trials by impartial juries because they were tried and convicted by death penalty qualified juries. They believe this was a constitutional violation since the Pennsylvania Supreme Court had ruled in Commonwealth v. Moody, 382 A.2d 442 (1977) (decided November 30, 1977), that a provision of its death penalty statute was unconstitutional. In Moody, the court found that the provision of the death penalty sentencing code that established the sentencing procedures and standards regulating the jury's determination of whether or not the death penalty should be imposed was unconstitutional on the ground that it narrowly limited the circumstances which the jury could consider as mitigating circumstances. The court found that deliberations about imposing the death penalty, following a first degree murder conviction, were constitutionally inadequate when only the circumstances mentioned in the death penalty statute were considered. Plaintiffs claim that the unconstitutionality of the sentencing procedure should have prevented the Defendants from ever trying the Plaintiffs' murder trials before death penalty qualified jurors.

Plaintiffs' second claim is that Defendants violated the Ex Post Facto Clause of the Constitution because they formally sentenced Plaintiffs after September 13, 1978, which is the date that the amended death penalty statute became effective. Plaintiffs claim that Defendants sentenced them under this statute, and since it was not in effect at the time when they committed their crimes this action violated the bar against retrospective application of new criminal laws. The 1978 Act did not alter any provision in the death penalty statute other than the one dealing with mitigating circumstances. The previous unconstitutional statute and the amended statute both stated that a sentence of life imprisonment is to be imposed when the jury does not agree

3

that aggravating and mitigating circumstances warrant the  imposition of the death penalty in a first degree murder conviction.

Plaintiffs seek a declaration that the Defendants' actions were unconstitutional in regards to their convictions for first degree murder and their sentences of life imprisonment.

## II.     STANDARD OF REVIEW

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985).  All allegations in the complaint must be accepted as true and all reasonable assumptions must be viewed in the light most favorable to the non-moving party.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  Dismissal "should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

## III.    DISCUSSION

Plaintiffs cannot bring their claim under 42 U.S.C. § 1983 because the relief they seek, a declaration that their convictions and life sentences are unconstitutional, is not available under this statute.  "Congress has determined that habeas corpus [28 U.S.C. § 2254] is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement[.]"

Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  While § 1983 may provide a remedy for convicted prisoners against governmental illegality in some situations, the Supreme Court has held firm its belief that actions like Plaintiffs' must be brought under the habeas corpus statute. In Heck v. Humphrey, 512 U.S. 477, 481 (1994), the Court said,  "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the terms of § 1983." Plaintiffs must bring this action under the habeas corpus statute as they are challenging the facts of their convictions.

Plaintiffs allege that they were not afforded a trial by a fair and impartial jury.  They have asked this Court to declare that their convictions were not obtained in accord with due process of law.  Thus, Plaintiffs believe their incarceration is unconstitutional.  Plaintiffs do not hide the fact that they are challenging the validity of their confinement.  Similarly, Plaintiffs' claim that Defendants applied the amended death penalty statute retrospectively is also an attack on the validity of Plaintiffs' incarceration.  Claims that challenge the fact that prisoners are being confined must be brought under habeas corpus therefore this action must be dismissed. Plaintiffs' request for class certification is rendered moot.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| CALVIN C. LOGAN, DAVID JOHNSON, ANDRE MARTIN, and others similarly situated, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 06-4450 |
| F. EMMET FITZPATRICK, LYNN ABRAHAM, PHILADELPHIA DISTRICT ATTORNEY'S OFFICE, ROBERT P. KANE, THOMAS W. CORBETT JR, and PENNSYLVANIA ATTORNEY GENERAL'S OFFICE | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this   3rd   day of May, 2007, upon consideration of the Motion to Dismiss filed by Defendants F. Emmet Fitzpatrick, Lynn Abraham, and the Philadelphia District Attorney's Office (Doc. No. 7), the Motion to Dismiss filed by Defendants Robert P. Kane, Thomas W. Corbett, Jr., and the Pennsylvania Office of the Attorney General, (Doc. No. 8), and all responses thereto, it is hereby **ORDERED** that the Motions to Dismiss are **GRANTED** and Plaintiffs' Complaint is dismissed.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY,                Sr. J.